IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS CARTER, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:16-CV-0697-D |
| VS. | § § | |
| CAL-TEX COMMUNICATIONS, INC., | § § | |
| Defendant. | § § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Marcus Carter ("Carter") moves for leave to effect substituted service on defendant Cal-Tex Communications, Inc. ("Cal-Tex") and to extend time for service. For the reasons that follow, the court grants the motion.[1]

I

Carter filed this collective action seeking recovery of compensation under the Fair Labor Standards Act for work performed for Cal-Tex in excess of 40 hours per week. Through a process server, Carter has attempted four times to personally serve Jack E. Burleson, Cal-Tex's registered agent for service of process, at his Old Railroad Trail address in Kaufman, Texas[2]: on April 16,

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] To address the privacy concerns associated with disclosing residence addresses, the court will refer to addresses by street name without listing the specific address and city. See Fed. R. Civ. P. 5.2(e)(1) (permitting court to require redact of information not specifically listed in Rule 5.2(a)(1)-(4)).

2016, at 11:30 a.m.; on April 21, 2016, at 7:19 p.m.; on April 22, 2016, at 7:25 a.m.; and on April 23, 2016, at 1:34 p.m.  Carter's motion for substituted service is supported by the affidavit of Peyton Hutchinson ("Hutchinson"), in which he details his attempts to serve Burleson at Old Railroad Trail.  According to Hutchinson, he attempted to serve Burleson on four different days and at four different times of day, and a vehicle registered to Burleson was parked in the driveway each time.

II

Carter moves for leave to effect substitute service on Cal-Tex.  He asks the court to allow him to serve Cal-Tex by personally serving its general partner, president, governing person, and/or manager pursuant to Tex. Bus. and Org. Code § 5.255 (West 2015), at an address in Garland advertised by Cal-Tex as the place it conducts operations.  Fed. R. Civ. P. 4(e)(1) provides that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Under Texas law, when personal service has been unsuccessful,

> [u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . but has not been successful, the court may authorize service . . . (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b).  In this case, "service has been attempted but has not been

successful." Carter's multiple attempts through a process server to serve Cal-Tex's registered agent at his registered address support the reasonable inference that any further attempts will also be unsuccessful. The court therefore grants Carter's motion for substituted service of process.

Tex. Bus. and Org. Code § 5.255 provides that "[f]or the purpose of service of process, notice, or demand," the president, each general partner, manager, and governing person is an agent of the corporation, partnership, limited liability company, or other entity, respectively. Accordingly, the court finds that service on Cal-Tex's president, general partner, manager, or other governing person will be reasonably effective to give Cal-Tex notice of this lawsuit.

III

Carter also seeks an extension of the time for service to 30 days from the date of this memorandum opinion and order. Under Fed. R. Civ. P. 4(m), the court can extend the time for service for good cause. The court finds that Carter's multiple attempts to serve Cal-Tex within the time for service constitute good cause to extend the deadline for service.

\* \* \*

Accordingly, the court grants Carter's motion for substituted service as set forth in this memorandum opinion and order. Carter must effect substituted service no later than 30 days

from the date this memorandum opinion and order is filed.

**SO ORDERED**.

June 2, 2016.

                                                                         _____
                                                                         SIDNEY A. FITZWATER
                                                                         UNITED STATES DISTRICT JUDGE